NO. 07-05-0292-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 14, 2005

_____

PHILLIP CHRISTIAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A15160-0309; HONORABLE ROBERT W. KINKAID, JR., JUDGE
_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

**ON ABATEMENT AND REMAND**

Appellant Phillip Christian has given notice of appeal from a judgment of conviction and sentence for the offense of theft. The appellate court clerk received and filed the trial court clerk's record on September 14, 2005. The trial court reporter's record was filed on September 12, 2005.

By letter dated October 25, 2005, the appellate clerk reminded counsel for appellant that appellant's brief was due on October 14, 2005, and that neither the brief nor a motion

for a further extension of time had been received. Counsel for appellant was further advised by such letter that if no response to the letter was received by November 4, 2005, the appeal would be abated to the trial court for hearing pursuant to Rule of Appellate Procedure 38.8(b). No response has been received.

Accordingly, this appeal is abated and the cause is remanded to the trial court. TEX. R. APP. P. 38.8(b)(2). Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine:

(1)     whether appellant desires to prosecute this appeal;

(2)     if appellant desires to prosecute this appeal, then whether appellant is indigent, and if not indigent, whether counsel for appellant has abandoned the appeal;

(3)     if appellant desires to prosecute this appeal, whether appellant's present counsel should be replaced; and

(4)     what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not desire to prosecute this appeal, or, if appellant desires to prosecute this appeal, to assure that the appeal will be diligently pursued.

If the trial court determines that the present attorney for appellant should be replaced, the court should cause the clerk of this court to be furnished the name, address, and State Bar of Texas identification number of the newly-appointed or newly-retained attorney.

In support of its determination, the trial court shall prepare and file written findings of fact and conclusions of law and cause them to be included in a supplemental clerk's record. The hearing proceedings shall be transcribed and included in a supplemental

2

reporter's record.  Those supplemental records shall be submitted to the clerk of this court no later than December 14, 2005.


Per Curiam


Do not publish.